## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ISAAC AVILA,                            )
                                        )
                     Petitioner,        )
                                        )
v.                                      )          Case No. CIV-21-00937-JD
                                        )
STEVEN HARPE, Director of the Oklahoma  )
Department of Corrections,              )
                                        )
                     Respondent.        )

## <u>ORDER</u>

On October 4, 2017, an Oklahoma state-court jury convicted Petitioner Isaac Avila

on criminal charges. [Doc. No. 1]. Mr. Avila filed this 28 U.S.C. § 2254 habeas petition

on September 22, 2021. [Doc. No. 1]. He concedes that his habeas petition is untimely

but argues that his deadline should be tolled. *See, e.g.*, [Doc. No. 1 at 13]; [Doc. No. 2 at

7–8].

Respondent moved to dismiss the petition as time barred by the statute of

limitations. [Doc. Nos. 9, 10]. Respondent contends that Mr. Avila is not entitled to

equitable tolling. [Doc. No. 10 at 4–6].

United States Magistrate Judge Suzanne Mitchell issued a Report and

Recommendation ("R. & R.") under 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 12]. Judge

Mitchell concluded that the habeas petition was untimely and that no equitable tolling

applied. She recommends that the Court grant Respondent's motion to dismiss.

Judge Mitchell advised Mr. Avila of his right to object to the R. and R. by January

6, 2022. Mr. Avila objected ("Objection"). [Doc. No. 13]. The Court reviews de novo the

objected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court also liberally construes Mr. Avila's pleadings because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Avila did not object to the stated findings or recommendations in the R. & R., including to the calculation of his limitations period, application of statutory tolling, and his deadline to file for federal habeas relief [Doc. No. 12 at 4–8], or to the findings and recommendations on equitable tolling based on actual innocence [*id.* at 8–11]. *See generally* Objection. The Court thus accepts the unobjected-to portions of the R. & R. [Doc. No. 12]. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).[1]

Mr. Avila objects on a single, new basis: that his habeas deadline should be equitably tolled based on "the unusual circumstance of covid-19 protocols and the

---

[1] Mr. Avila did not challenge Judge Mitchell's findings and recommendations about equitable tolling not applying based on actual innocence. *See generally* Objection. "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022) (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)). "'It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.'" *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Although not required to review unobjected-to portions of the R. & R., the Court has searched the record and finds no basis to invoke the actual-innocence exception to excuse the untimeliness of Mr. Avila's habeas petition.

unusual aspect of having to wait for access to an interpreter to assist him with translations of law." Objection at 3. But Mr. Avila never raised this argument before; the first time he raised it is in the Objection to the R. & R. Mr. Avila's habeas petition acknowledges that his petition is "outside of the one-year statute of limitations," but only lists "actual innocence" as a basis for equitable tolling. *See, e.g.*, [Doc. No. 1 at 13]; [Doc. No. 2 at 7–8, 22].

"Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted). Thus, the Court need not consider this new issue because it is waived. *See id*.

But even if the Court were to consider Mr. Avila's new issue, his habeas petition would still be time barred. A petitioner seeking equitable tolling is required to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). This standard applies when a petitioner seeks equitable tolling based on COVID-19 hardships or language barriers. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (collecting cases regarding language barriers and translator services); *Donald v. Pruitt*, 853 F. App'x 230, 233–34 (10th Cir. 2021) (unpublished) (collecting cases regarding COVID-19 restrictions).

Mr. Avila must "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang*, 525 F.3d at 928 (citation omitted) (describing this as a "strong burden" on the petitioner). "The movant must establish that he was

3

pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *3 (10th Cir. Aug. 9, 2022) (unpublished) (citations omitted); *see Yang*, 525 F.3d at 930 (explaining that petitioner "must allege with specificity" the steps he took to diligently pursue his federal claims and "[h]is conclusory statement . . . will not suffice").

The Court has reviewed the Objection and the entire record, and Mr. Avila has identified no specific action that he took or tried to take to pursue habeas relief but that was thwarted as a result of any COVID-19 hardships or his need for a translator. *See Holland*, 560 U.S. at 649. Stated another way, Mr. Avila alleges no specific facts to show how the restrictions or limitations he alleges he faced prevented him from timely seeking relief.

Mr. Avila's Objection makes only conclusory allegations regarding extraordinary circumstances and diligence. *See Pena-Gonzales v. State*, No. 21-3174, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (unpublished) (explaining that petitioner must allege "specific facts" to show how he diligently pursued his federal claims while the extraordinary circumstances existed) (footnote omitted) (citation omitted); *see also Yang*, 525 F.3d at 930 (conclusory statement about diligence not enough to demonstrate diligence based on language barrier). "The bottom line is that the COVID-19 pandemic [and language barriers] do[] not automatically warrant equitable tolling for any movant who seeks it . . . ." *Tinsman*, 2022 WL 3208346, at *3 (citations omitted) (regarding COVID-19); *see also Yang*, 525 F.3d at 929–30 (regarding language barriers).

Without the required showing, the Court cannot equitably toll Mr. Avila's habeas deadline. Consequently, even if the Court considered Mr. Avila's issue raised for the first time in the Objection, the Court agrees with the R. & R.'s conclusion that Mr. Avila's habeas petition is untimely and that no equitable tolling or exception applies. The Court therefore dismisses Mr. Avila's habeas petition as untimely, which operates by law as a dismissal with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Avila must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Avila can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After considering this Order, the R. & R., the record, and the state of current law, the Court finds that reasonable jurists could not debate the Court's determinations that Mr. Avila's habeas petition is untimely and that he is not entitled to equitable tolling. *See Donald*, 853 F. App'x at 234 (declining certificate of appealability regarding similar

COVID-19 tolling argument, holding that "no reasonable jurist could conclude that the district court erred in dismissing the petition"); *Pena-Gonzales*, 2022 WL 214747, at *1 (declining to issue a certificate of appealability where reasonable jurists could not debate the district court's decision to reject equitable tolling after the petitioner untimely moved for § 2254 relief and cited the COVID-19 pandemic); *see also Yang*, 525 F.3d at 930–31 (denying certificate of appealability based on unavailability of a translator and language barrier). Because Mr. Avila cannot make the required showing, the Court declines to issue a certificate of appealability.

Having carefully and thoroughly reviewed the record in this case, including Mr. Avila's petition and memorandum, Respondent's Motion and brief, Judge Mitchell's R. & R., and Mr. Avila's Objection [Doc. Nos. 1–2, 9–10, 12, and 13], and having considered the matter in accordance with 28 U.S.C. § 636(b) and Rule 72(b)(3) and its obligation to construe Mr. Avila's pleadings liberally, the Court:

(1)   ACCEPTS the R. & R. [Doc. No. 12] issued by Judge Mitchell;

(2)   GRANTS Respondent's Motion to Dismiss [Doc. No. 9];

(3)   DISMISSES Mr. Avila's § 2254 action [Doc. No. 1] with prejudice as untimely; and

(4)   DECLINES to issue a certificate of appealability.

IT IS SO ORDERED this 3rd day of January 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE